Bobby N. McCLELLAND, Plaintiff-Appellant,

v.

HAGERTY WRECKING CO. and Federated Mutual Insurance Company, Defendants-Respondents.

No. 23961.

Kansas City Court of Appeals.

Missouri.

Oct. 5, 1964.

Application to Transfer Denied Feb. 8, 1965.

Lyman M. Cleek, T. Richard Mager, Columbia, for appellant.

John M. Cleaveland, Columbia, for respondents.

SPERRY, Commissioner.

This appeal by plaintiff, Bobby N. McClelland, is from a judgment of the Circuit Court affirming an award of the Industrial Commission of Missouri denying compensation on account of injuries which he claimed to have suffered on July 28, 1960, when, he alleged, he had an accident while employed by Hagerty Wrecking Company, Federated Mutual Insurance Company, insurer.

A hearing before a referee resulted in an award denying compensation. On appeal to the whole Commission, a majority denied compensation, Commissioner Rose dissenting.

Plaintiff, a heavy construction laborer, was employed in helping to wreck a building when the incident which gave rise to this claim occurred, July 28, 1960. He had been employed by defendant for one month, and was working in the basement of a brick building where he and another laborer were

lifting planks from the floor and shoving them out of a window located some eight or ten feet above the floor level. The planks were two inches thick, fourteen inches wide, thirty-six feet long, and weighed more than two hundred pounds each. The concrete floor was covered to a depth of from a few inches to from two to four feet with debris, consisting of tar paper, nails, bottles, cans, old furniture, pigeon manure, etc., which made footing very precarious. It had rained, and the debris and boards were wet. The boards had been removed from the ceiling of the basement where they had constituted the joists supporting the floor of the room above. Some lay on top of the debris, in an east-west position. The workmen would take hold of a board, one at either end facing each other, and swing it around so as to shove one end out of a south window. On July 28, 1960, plaintiff and a Mr. Terrell had been working in the above manner for about two hours when, plaintiff testified, the accident occurred.

Plaintiff stated that he took hold of one end of a board and started to lift 't and move forward; that Mr. Terrell was opposite him on the other end of the board, also lifting; that plaintiff's left foot went through the debris and into a concrete drain that ran across the floor of the basement; that the drain was perhaps one foot deep; that it and the floor were slick and slimy; that his left leg went straight out in front and his right leg went to the right; that he sat down on the debris, on his buttocks, and that the lower part of his back "popped"; that he suffered great pain; and that his left leg became numb. He stated that he remained in a semi-sitting position on the floor for "about five minutes" and that, when he finally stood, his back hurt, his leg was numb, he was dizzy and sick, and that he could not "straighten up", but stood in a stooped position. He said that he tried to lift but that he could not "go down" to take hold of anything; that he reported his condition to the foreman and

went to the Lee Hospital, at Fayette. (The hospital records indicate that he entered there at about 11:00 A.M., July 28, 1960).

Plaintiff stated that he had been regularly performing heavy construction labor for a period of five years prior to the date of the accident; that he did so without pain; that he operated jack hammers and drills, and did any kind of construction work without pain or difficulty; that, from July 28 through 1960, and until the date of the hearing before the referee, March, 1961, he had not been able to do any heavy manual labor.

Plaintiff offered medical evidence and hospital records establishing the fact that, at the time he entered Lee Hospital, he had suffered a back injury; that he was, at that time, totally disabled; that he was put in traction; that his condition did not improve by reason of "conservative" treatment which he received; that, on August 9, he left Lee Hospital and, on August 13, entered Boone County Hospital where myelograms were carried out and a diagnosis of a ruptured disk (L 4–5) was made; that, on August 17, an operation for that condition was performed; and that he left the hospital on September 1st. Dr. Stewart, plaintiff's operating physician, stated that, in his opinion, the ruptured disk was caused by plaintiff's fall, as testified to by plaintiff; that when he first saw him in Lee Hospital, he was totally disabled. There was evidence to the effect that plaintiff's medical expense was approximately $1,400.00, incurred within ninety days of the accident, and that he had not been paid any part thereof. He had received no compensation. Dr. Stewart rated plaintiff's disability as 20% permanent partial, of the man as a whole. He stated that, in his opinion, a man who could do heavy manual labor, such as plaintiff performed prior to the accident, would not then have been partially disabled. No medical evidence was offered by the defendant; and further such testimony, offered by plaintiff, tended to corroborate the above.

There was undisputed evidence to the effect that plaintiff had sustained a back injury in 1953, while lifting a log; that this injury was diagnosed as a low back sprain with a possibility of a disk injury. A claim for compensation in that case was settled, by compromise, for $1,500.00. There was never a diagnosis of disk injury but medical reports raised such a possibility. However, plaintiff's testimony to the effect that he fully recovered from that disability and, for five years thereafter, and until July 28, 1960, had performed all kinds of heavy construction labor without discomfort, was not challenged. He had worked for defendant for a month prior to this latest occurrence, and he had worked on that day for about two hours before complaining, lifting and carrying heavy timbers under difficult conditions.

Defendant offered the testimony of Mr. Terrell, who was working with plaintiff at the time plaintiff claims to have been injured. He stated that, on the morning in question, witness and plaintiff began work in the basement at 8:00 A.M.; that, when this incident occurred, they were picking up a board; "we bent over to pick it up, and Bobby dropped his end, and when I looked up he was all hunched over holding his back"; that plaintiff was at one end and witness at the other end of the board, facing each other, but that, when bent over, "you was looking at the ground"; that, when plaintiff dropped the board it jarred him; that the board was "knee high" and was in the process of being lifted; that, when he felt the jar, witness put down his end and *then* looked up; that he went back to plaintiff to see what had happened; that, when he first looked up, plaintiff was bent over holding his back, stooped over; that plaintiff said that he had hurt his back; that, when plaintiff tried to bend over, there was "a little popping" sound, like you pop your knuckles—he couldn't get back up right away"; that, after he had laid the board down and looked at plaintiff, witness started walking towards him but that he had to watch his footing carefully because of the debris; that he might get a nail in his foot. Witness stated that he did not look at plaintiff's feet; that he could have slipped through the debris; that he did not know that happened to plaintiff *when he dropped the board.*

Defendant introduced in evidence plaintiff's deposition, given February 17, 1961. Plaintiff there stated, in effect, that he had been working at shoving boards out of the basement for something more than one day prior to the occurrence of the injury; that he and his co-worker had picked up this board and started to run with it to the window to push it out when his left foot went through the trash and he went down on the floor, on his posterior; that plaintiff was at the "tail" end of the board and the co-worker was on one side of it, facing parallel to the board; that, when he fell, he had taken ten or twelve steps with the board; that his left leg went through the debris, into the drain, and then went forward; that his right leg went to the right; that, as he went down, his back popped; that his left leg became numb and went dead; that he, at first, could not straighten up but was bent over; that he was sick at the head, and dizzy; that his back hurt; that he eventually straightened up but could not work.

The above testimony of plaintiff, including that given by deposition, and that of Mr. Terrell, constitutes the sum total of the evidence as to what took place at the time when plaintiff claims to have been injured, and of the circumstances attending his alleged fall.

In finding against plaintiff, and in denying him an award, two members of the Commission stated as follows:

"In so finding, the Commission finds persuasive the testimony of Jack Terrell to the effect that immediately after employee dropped his end of the board they were lifting said employee was not on his buttocks on the debris, as testified to by employee. The Commis-

sion further finds persuasive other discrepancies between the testimony of employee and of Terrell, and between the direct testimony of employee and the deposition of employee (Employer and Insurer's Exhibit No. 19, p. 142 et seq.), as more particularly set out in the referee's award dated December 11, 1961. The Commission specifically adopts the findings of fact set out in said referee's award (except that as to the "demeanor of the employee on the witness stand" since the Commission considered the record only, and did not have the opportunity to observe said employee)".

In dissenting from the majority ruling, and in voting to grant compensation, Chairman Rose stated as follows"

"It is true as the referee found in the first instance (and with which my colleagues agreed on review), that there are minor variances as to the details of the alleged accident as related by claimant in his deposition, and as testified to by witness Terrell. These inconsequential variants do not, in my view, tar the claimant with the dark brush of incredibility or damn him as a minor-key perjurer. To the contrary, the truth in recollecting long past events is more apt to be evidenced by minor differences in recollection than by the recitation of a stock story made letter perfect by rote. In fine, I am of the opinion that the employee did sustain an accident and that that accident occurred substantially in the form narrated from the witness stand. Our courts have shown increasing liberality in construing the events which constitute an accident and it is my view that we should take the direction pointed by these cases. E. G. Crow vs. Missouri Implement Co. [Mo.] 307 S.W.2nd 401; Brotherton v. International Shoe Co., Spfd. C.A. No. 8048 [360 S.W.2d 108]".

Our review is limited to determining whether the Commission could reasonably have made its findings and reached its result upon the evidence before it. If there is competent and substantial evidence upon which to base the award and if such award is not clearly contrary to the law *or the overwhelming weight of the credible evidence*, we are bound to affirm it. Smith v. Terminal Transfer Co., Mo.App., 372 S.W.2d 659, 661. Findings of the Commission must be based on reasonable probability and claimant's right to recover should not be defeated upon mere conjecture that injury may have been received in some way unrelated to the employment. Gardner v. Ford Motor Co., Mo.App., 130 S.W.2d 201, 205; Collins v. Reed-Harlin Grocery Co., Mo.App., 230 S.W.2d 880, 891. Where an employee is found injured at a place where his duties require him to be, a presumption arises that he was injured in the course of and in consequence of his employment; but such presumption is rebuttable. McCoy v. Simpson, 346 Mo. 72, 139 S.W.2d 950. However, such presumption must be given effect until overcome by substantial evidence to the contrary. Oswald v. Caradine Hat Co., Mo. App., 109 S.W.2d 893.

The sole question presented here is whether the Commission could have reasonably made its findings and reached its result under the evidence. Stated otherwise: "Is the award contrary to the overwhelming weight of the evidence?" We hold that the Commission could not have reasonably reached its result under the evidence and that the award is contrary to the overwhelming weight of the evidence in the case.

All of the evidence is to the effect that plaintiff was an active heavy construction laborer; that he had worked in that capacity for at least five years prior to complaining of the injury alleged to have been received on July 28, 1960; that he had worked for Hagerty as a heavy laborer, in

wrecking buildings, for four weeks prior to the above date; that he had been employed at the very place and doing the same work he was doing when he claims to have suffered an injury, for more than one day before complaining; that he had worked for at least two hours at that place, on that day, doing the same work, under the same conditions that prevailed when he claims he suffered an accident, and with the same company workers, employees of Hagerty.

he uncontradicted evidence is that, at about 10:00 A.M., July 28, while lifting one end of a two hundred pound board, to move it, he dropped it; that his co-worker, Mr. Terrell, a Hagerty employee and defendant's witness, was jarred when the plaintiff's end of the board was dropped; that Terrell was not then looking at plaintiff but was watching his work; that he first laid his end of the board down *and then* looked at plaintiff; that plaintiff was *then* standing hunched over, with his left hand at his back, and that he said he had hurt his back; that when plaintiff tried to straighten up he, Terrell, heard plaintiff's back "pop", like one's knuckles sometimes pop.

Plaintiff stated that his left foot went through the debris and slipped on the slimy floor of the drain and that he sat down on his posterior. Terrell did not see this but testified that he was not looking at plaintiff at that time. Plaintiff stated that he was down for perhaps five minutes. Whether he was down five minutes or one second is not material if he injured his back at the time he said that he did. Plaintiff also said that he was running with the board at that time but Terrell said that they were only lifting it. That, again, is of slight importance under the evidence in this case if, in fact, his back was injured at that time and place. There is no evidence tending to overcome the presumption that the injury was incurred in the course of and in the consequence of plaintiff's employment.

The evidence is undisputed that plaintiff, prior to and at that time, was performing extremely heavy labor under most difficult conditions; that he was doing so without complaint; that he, at that time, complained of having injured his back; that an audible popping sound emanated from his back when he tried to straighten up; and that, when he arrived at Lee Hospital, at about 11:00 A.M., he was totally disabled from performing any manual labor, was suffering from a *spastic* back, and was placed in traction. It was eventually established that he was suffering from a herniated disk, which required surgery. The uncontradicted medical evidence was to the effect that he could not have performed the labor he had been performing prior to 10:00 A.M., on that date, if he had then been suffering from a disk injury, such as the medical evidence established he was suffering from within an hour after registering his complaint.

There is no evidence in the record tending to prove that plaintiff had received any back injury for at least five years prior to July 28, 1960. And, if such an injury as was shown was incurred otherwise than at the time and place claimed by plaintiff, there is no evidence thereof whatever. There is ample, credible evidence tending to prove that the injury complained of was suffered at about 10:00 A.M., July 28, while plaintiff was actually engaged in heavy construction labor for Hagerty Wrecking Company, and no evidence to the contrary. The award in this case is unsupported by any substantial evidence, and it is contrary to the overwhelming weight of all of the evidence adduced. At most, there is but a possibility that he was injured at some other time and place. That is not sufficient to support the award. Gardner v. Ford Motor Company, supra.

We hold that the Commission's award denying compensation is not supported by competent and substantial evidence upon the whole record.

The judgment of the Circuit Court affirming that award is reversed. Lunn v. Columbian Steel Tank Company, 364 Mo. 1241, 275 S.W.2d 298, 303.

MAUGHMER, C., concurs.

PER CURIAM.

The foregoing opinion of SPERRY, C., is adopted as the opinion of the Court. All concur.