Billie G. DUNCAN, Respondent,

v.

A. P. GREEN REFRACTORIES COMPANY, Employer,

and

James I. Spainhower, Treasurer of the State of Missouri, Custodian of the Second Injury Fund, Appellants.

Nos. 36069, 36081.

Missouri Court of Appeals, St. Louis District, Division Two.

March 11, 1975.

Motion for Rehearing en Banc or Transfer Denied April 14, 1975.

Application to Transfer Denied June 9, 1975.

Jerome W. Seigfreid, Edwards, Seigfreid, Runge & Hodge, Inc., Mexico, for respondent.

Barnes & Barnes, Latney Barnes, Mexico, for employer.

John C. Danforth, Atty. Gen., Carroll J. McBride, Asst. Atty. Gen., Jefferson City, for appellants.

CLEMENS, Presiding Judge.

The A. P. Green Refractories Company and the Custodian of the State's Second Injury Fund appeal from adverse rulings of the Industrial Commission and the trial court awarding workmen's compensation to plaintiff Billie G. Duncan. The Industrial Commission's referee ruled against plaintiff's claim, but the Commission itself reversed the referee in a two-to-one decision. The trial court affirmed the Commission's awards against both employer and Second Injury Fund. Our consideration of the entire record convinces us the Commission could not have reasonably made these awards on the basis of all the evidence before it. We must therefore reverse.

■ Appellate review of Industrial Commission awards is strictly limited. Brown v. Missouri Lumber Transports, Inc., 456 S.W.2d 306, 1. c. 307 (Mo.1970). Courts may neither substitute their judgment on the evidence for that of the Commission nor extend their review beyond the Commission's factual findings. Jacobs v. Bob Eldridge Construction Co., 393 S.W.2d 33[2–3] (Mo.App.1965), Carriker v. Lindsey, 313 S.W.2d 43[2, 3] (Mo.App.1958). However, courts are required to review the whole record and to reverse or modify awards not based upon competent and substantial evidence, Jacobs v. Bob Eldridge Construction Co., *supra*; awards contrary to the overwhelming weight of the credible evidence, McClelland v. Hagerty Wrecking

Co., 384 S.W.2d 93[4] (Mo.App.1964); and awards clearly contrary to law, Brotherton v. International Shoe Co., 360 S.W. 2d 108[5] (Mo.App.1962). The "overall effect of all the evidence" must be considered in deciding if the Commission could have reasonably made its findings upon consideration of all the evidence before it. Toole v. Bechtel Corp., 291 S.W.2d 874[15, 16] (Mo.1956). The award in the present case was not based upon competent and substantial evidence and could not reasonably have been made.

Plaintiff claimed he was accidentally injured at work September 11, 1970, while manually placing a sixty-five pound die into a cavity on a table before him. He testified he felt an immediate pain in his back and orally reported his injury to his supervisor. Despite his injury, plaintiff was able to continue working until September 28, 1970, when he left work due to back pain. The following day, plaintiff was hospitalized; disc surgery was performed October 13, 1970.

■ No evidence other than plaintiff's own assertions supports his account of a work-related injury incurred September 11. Plaintiff's supervisor testified plaintiff had complained of the dies' weight but never of having injured his back lifting them. When plaintiff left work seventeen days later, he again made no mention of a specific injury September 11. Although he was aware of company procedures requiring injured employees to file written reports, plaintiff never filed such a report.

Between September 11, 1970 and October 12, 1970, plaintiff saw various physicians at least ten times. He saw the company's doctor twice between September 11 and September 28. Both times, he complained of ailments *other* than back pain and never mentioned a September 11 accident. Plaintiff also visited his chiropractor on two occasions after September 11. The chiropractor testified he had been treating plaintiff for back pain for nine months prior to September 22, 1970, and that

plaintiff made no mention to him of an accident September 11. Plaintiff's hospital admission history disclosed "recently" developed back pain but did not attribute it to work-related injury. Plaintiff's surgeon reported plaintiff had a history of "recurrent back difficulties for the preceeding eight months" but recalled no specific injury which caused his difficulties.

Questions on hospital and insurance forms were directed to whether plaintiff's injury arose from an employment-related accident. To all such questions, plaintiff and his doctors responded "no." Plaintiff signed all these forms. In fact, he filed and collected over $1,000 under his employer's group insurance policy after stating his disability was not attributable to a work-related accident.

Seven days after surgery, the surgeon added this note to plaintiff's hospital record: "Addendum to history: Pt. [patient] requests change of history—claims injury on the job—lifted 65 pound die at brick plant, slipped foot and hurt back. Doesn't remember date—believes it was August 31." In a letter dated July 14, 1971, the surgeon related plaintiff's original statement that his back trouble was not the result of a specific injury and also plaintiff's later request that the surgeon change his history. We note that even plaintiff's requested change did not originally attribute his trouble to a September 11 accident.

Plaintiff's testimony alone, in the face of an overwhelming mass of contrary evidence, compels our conclusion that the entire record fails to show the Commission's award was supported by competent and substantial evidence. Compare Downs v. A. C. F. Industries, Inc., 460 S.W.2d 293 (Mo.App.1970).

The judgment is reversed and the cause remanded to the trial court with instructions to deny the awards and transmit the court's order to the Industrial Commission and the Second Injury Fund.

KELLY and STEWART, JJ., concur.