**Lonnie KATZENBERGER,**
**Claimant-Appellant,**

v.

**John GILL d/b/a Snow Hill Constr.**
**Co., Employer-Respondent.**

**No. 49197.**

Missouri Court of Appeals,
Eastern District,
Division One.

April 30, 1985.

Robert J. Keefe, St. Louis, for claimant-appellant.

John F. Sander, St. Louis, for employer-respondent.

KAROHL, Judge.

Appellant-employee Lonny Katzenberger appeals from the Labor and Industrial Relations Commission's affirmance of the Administrative Law Judge's award denying Workers' Compensation benefits to Katzenberger for an alleged injury. We affirm.

Appellant's sole point on appeal is that the Commission's denial of benefits was erroneous as a matter of law because testimony of a physician, Dr. Walker was received into evidence in violation of the "seven day rule." § 287.210(3) RSMo 1978.

Appellant testified that on July 20, 1983 he was employed as a carpenter's helper by John Gill, d/b/a Snow Hill Construction Company to help construct a house on a site in Winfield, Missouri owned by Donald Yocom. The claimed accident occurred on appellant's first and only day on the job. Appellant said he and Gill were carrying some two-by-fours, and "I was walking backwards across the slab—the concrete slab, what we were going to build it [the house] on—and I'd stepped off backwards and where I'd stepped off there was a hole where they'd put a water line in. And I'd stepped off, and that's when I hurt my back." He said that Gill was about eight feet away and facing him when he fell. He explained that he landed on his right side in a sitting position and told Gill about the fall. Appellant said that he did not get up for two or three minutes. He worked the rest of the day at the building site.

Later that evening appellant said he called Gill and "told him that I needed to see a doctor." He said that Gill authorized him to go to Dr. Brown in Troy, Missouri.

On direct examination appellant said that he had no other injury to his back before or after the accident on July 20, 1983. On cross-examination he admitted that in 1972 and 1973 a chiropractor, Dr. Diamond from St. Charles, Missouri adjusted the middle of appellant's back and used heat treatments five or six times. Appellant attributed the

treatments to a stomach problem. Appellant also admitted to being in an automobile accident in St. Petersburg, Florida and another in Winfield, Missouri prior tc July 20, 1983. He denied or did not believe that he received any medical treatment on either occasion. Employer-insurer offered medical reports to disprove this testimony.

John Gill testified that appellant worked one day on July 20, 1983. Gill said that appellant never fell backwards off the concrete platform; never fell into a hole; never made any comment that he had hurt himself; never said he hurt his back; never complained about low back pains; and never fell on his back. Gill said that appellant never mentioned the injury until the following evening when appellant called Gill at home. Gill believed appellant had already gone to see Dr. Brown and Gill "told him that would be fine."

Donald Yocom testified that he worked with Gill and appellant at the site on July 20, 1983. He said that he did not see the occurrence described by appellant; that appellant never made any comment about being hurt on the job that day; never complained about any physical problems when he was working with Yocom. Yocom never saw appellant fall into a hole; never saw appellant lying on the ground or in a hole; did not see him lying on his back or hip; and never saw him sitting on the ground near the hole. On cross-examination Yocom stated: "I think if he had fallen I would have known. I was close enough with him all day that if a man had fallen I would have known. When you're working on a concrete slab 24 × 24, if a man falls you're bound to see it."

Medical testimony of Dr. Joseph H. Morrow, Jr. on behalf of appellant and Dr. Francis S. Walker on behalf of employer-insurer was submitted by deposition and received in evidence.

Dr. Morrow examined appellant on August 27, 1983 and diagnosed his condition as lumbo-sacral sprain, possible bulging or herniated lumbar disc. On cross-examination Dr. Morrow said that the appellant's weight, well in excess of 300 pounds, could

cause back and leg pain without trauma. Dr. Morrow found that appellant, on the date of his examination, was temporarily and totally disabled from gainful employment.

Dr. Walker examined appellant on August 2, 1983, September 29, 1983, October 18, 1983 and November 29, 1983. His diagnosis was morbid obesity which physically limited the appellant's ability to move his back. The diagnosis on November 29, 1983 was low back sprain compounded by obesity. Dr. Walker explained that a CT-Scan could not be performed because appellant's size would not permit him to fit into the machine.

Dr. Morrow's deposition was taken one day before the hearing and was objected to in whole by the employer-insurer's counsel as being in violation of § 287.210(3) RSMo 1978. Appellant objected to the medical reports of Dr. Walker being admitted as evidence because the reports were not submitted to appellant seven days before the hearing. The Administrative Law Judge continued the hearing to December 20, 1983 for the purpose of receiving additional medical testimony, specifically that of Dr. Walker. Dr. Walker's deposition was taken on December 5, 1983. His deposition and medical findings were again objected to by appellant as a violation of the seven day rule. The Administrative Law Judge did not rule on the employer-insurer's objection to Dr. Morrow's testimony and overruled appellant's objection as to the admission of medical reports of Dr. Walker stating that Dr. Walker's reports "were furnished to the claimant and his attorney seven days prior to the taking of Dr. Walker's deposition." The Administrative Law Judge's findings were based on the credibility and the believability of appellant, John Gill and Donald Yocom.

Our standard of review in Workers' Compensation cases is set out in § 287.495 RSMo (Supp.) 1984, and provides in relevant part:

The court, on appeal, shall review only questions of law and may modify, reverse, remand for rehearing, or set aside

the award upon any of the following grounds and no other:

(1) That the commission acted without or in excess of its power;

(2) That the award was procured by fraud;

(3) That the facts found by the commission do not support the awards;

(4) That there was not sufficient competent evidence in the record to warrant the making of the award.

■ It is firmly established that the scope of appellate review is limited to these four grounds specified in the statute. *Griffin v. Evans Electrical Construction Co.*, 529 S.W.2d 172, 175 (Mo.App.1975).

■ The following guidelines have been established with reference to these statutory grounds. It is our duty to affirm the Commission's decision if, after a review of the entire record in the light most favorable to that finding, we believe that the award is supported by substantial and competent evidence. *Weinbauer v. Grey Eagle Distributors*, 661 S.W.2d 652, 653 (Mo.App.1983). The weight to be given to the evidence rests with the Commission and it alone may decide upon the credibility of the witnesses. *Oder v. St. Joe Minerals Corp.*, 484 S.W.2d 487, 490 (Mo.App.1972). If the competent evidence or permissible inferences are conflicting the choice rests with the Commission and is binding upon this court. *Springette v. St. Louis Independent Packing Company*, 431 S.W.2d 698, 700 (Mo.App.1968).

■ Applying these principles to our review we find that appellant's contention is without merit. The Administrative Law Judge's findings of fact and rulings of law, which the Commission incorporated in toto in its decision, states that "[t]he crux of this case is which of the parties' testimony is more believable and reliable." The Administrative Law Judge found that appellant's testimony was incredible and that the testimony of the employer, John Gill, corroborated by witness Donald Yocom was both credible and believable. The Administrative Law Judge therefore found no acci-dent. This being the primary basis for the denial of compensation the question whether the "seven day rule" was violated is not reached.

Further, we will, for purposes of this opinion, treat the admission of Dr. Walker's testimony as erroneous. We find that even excluding this evidence there is competent and substantial evidence to support the Commission's findings. The Administrative Law Judge and Commission's findings turn on the issue whether appellant sustained an accident in the course of his employment. The decision that appellant was not to be believed is in the sound discretion of the Commission. Any testimony from the doctors concerning medical matters of causation and extent of disability is moot in light of the determination that no accident occurred in the scope of employment.

We find that there was sufficient competent evidence in the record to warrant the decision of the Commission.

The judgment is affirmed.

PUDLOWSKI, P.J., and GAERTNER, J., concur.