Charlene M. ROBERTS,
Claimant-Appellant,

v.

CONSUMERS MARKET and United
States Fire Insurance Co.,
Employer and Insurer, Respondents.

No. 14786.

Missouri Court of Appeals,
Southern District,
Division One.

March 9, 1987.

John G. Newberry, Schroff, Glass and Newberry, Springfield, for claimant-appellant.

Warren S. Stafford, Taylor, Stafford, Woody, Cowherd & Clithero, Springfield, for respondents.

PER CURIAM.

Charlene Marie Roberts, an employee of Consumers Market, Springfield, Missouri, was injured in an on-the-job accident when she slipped in a puddle of water on the floor of the bakery department in Consumer's warehouse and fell backwards onto the floor, injuring her back in the process.

Ms. Roberts, with the consent of Consumers and its insurer, was examined and/or treated by medical doctors Thomas L. Bowen, Marion L. Wolf, Robert U. Bennett, Bert E. Park and Charles Ash. When Ms. Roberts was not satisfied with her progress, her attorney referred her to Dr. John C. Vidoloff, who prescribed medication and physical therapy, and rated her permanent partial disability, because of the back injury, at 28 percent of the body as a whole.

Ms. Roberts filed a claim for workers' compensation benefits. A hearing was held before an administrative law judge to

determine what, if any, amounts were due Ms. Roberts for medical aid, permanent partial disability, and other benefits allowable under the Workers' Compensation Act. At the time of the hearing, Consumers asserted, which assertion was not denied, that it had already paid Ms. Roberts $8,467.51 in temporary total disability benefits, and had furnished medical aid in the sum of $3,865.63.

After the hearing, the administrative law judge found that Ms. Roberts was entitled to additional temporary total disability benefits in the sum of $1,366.59, and rated her permanent partial disability, as a result of her back injury, at 5 percent of the body as a whole. He denied her claim for additional medical aid, which consisted of the medical bills of Dr. Vidoloff.

Ms. Roberts filed an application for review by the Labor and Industrial Relations Commission, as is provided by § 287.480, RSMo 1978, contending that 1) the award by the administrative law judge of 5 percent disability of the body as a whole was against the weight of the evidence, and 2) the failure to award her additional medical expense payments and temporary total disability payments was unsupported by the evidence. The commission, after review, affirmed the award of the administrative law judge. This appeal followed. We affirm.

In her appeal, Ms. Roberts first asserts that the commission erred by 1) not granting her money for additional medical expenses, claiming that such expenses were "Shown Unequivocally By The Evidence To Be Reasonably Required To Cure Her Work Related Injury...."

Dr. Charles Ash, an orthopedic surgeon, diagnosed Ms. Roberts' problem as preexisting spondylolisthesis and back strain associated with a backward fall. Spondylolisthesis is the forward displacement of one vertebra over another. Dr. Ash did not feel that the fall had aggravated the preexisting back condition, did not believe Ms. Roberts had any permanent injury, and felt that she could return to work.

Dr. Bennett, also an orthopedic surgeon, was of the opinion that Ms. Roberts had degenerative changes in her lower back which could be treated with exercise and mild anti-inflammatory drugs.

Dr. Park, a neurosurgeon, was of the opinion that Ms. Roberts did not have any permanent disability as a result of the accident, and that she was not in need of additional treatment.

Dr. Wolf, an orthopedic surgeon, made the same diagnosis as Dr. Ash, and was of the opinion that Ms. Roberts had no permanent injury, and was not in need of further treatment.

The only person who was of the opinion that claimant needed additional medical treatment was Dr. Vidoloff.

■ Where evidence is conflicting, the choice of which witness, or witnesses, the commission chooses to believe is up to them, and is binding on the courts. *Katzenberger v. Gill*, 690 S.W.2d 473, 475 (Mo. App.1985).

■ Ms. Roberts had a right to employ Dr. Vidoloff at her own expense, after her lawyer suggested that she do so for treatment and rating, but such right did not carry with it an obligation on the part of the employer and insurer to pay him. There had been no referral by the employer, insurer, or any of the treating physicians; Ms. Roberts had not requested a change of doctors; there was no emergency that prompted her to see Dr. Vidoloff; and, there had been no refusal on the part of the employer and insurer to provide treatment. There was simply no showing from the greater weight of the credible evidence that additional medical expense was warranted, or that the employer and insurer were liable for expenses incurred by Ms. Roberts. *See Hawkins v. Emerson Electric Co.*, 676 S.W.2d 872, 880 (Mo.App. 1984).

Claimant's remaining contention of error is that the evidence established that her permanent disability was in excess of the 5 percent awarded by the commission.

This statement is not supported by the record. Dr. Ash rated the disability at zero, as did Dr. Park. Dr. Wolf rated the

disability at 5 percent. Dr. Bennett, although he gave no percentage rating, stated he could find no continuing disability.

While Dr. Vidoloff opined a rating of more than 5 percent, the commission did not have to believe him, and evidently did not. Here again, as we stated in reference to the first point, the commission was the sole judge of credibility of the witnesses and the weight to be given their testimony.

 There was competent and substantial evidence, by at least three physicians that Ms. Roberts' permanent partial disability by reason of the accident was no more than 5 percent of the body as a whole. This being so, the commission reasonably reached its conclusion that she had 5 percent permanent disability by reason of her back condition. The point has no merit.

The award of the commission is affirmed.

CROW, C.J., and MAUS, J., concur.