**Joseph MATTERA, Appellant,**

v.

**G.L. TARLTON, Respondent.**

No. 53507.

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 29, 1987.

Motion for Rehearing and/or Transfer
Denied Feb. 4, 1988.

John C. Healy, St. Louis, for appellant.

Adrian Deyong, St. Louis, for respondent.

KAROHL, Presiding Judge.

Appellant-employee Joseph Mattera, by direct appeal from the Labor and Industrial Relations Commission, appeals the affirmance of the Administrative Law Judge's award wherein claimant was found to be permanently partially disabled to the extent of 50% of the man as a whole. Section 287.495 RSMo 1986. The Commission approved and affirmed the compensation award for 200 weeks at the rate of $121.00 per week for a total of $24,250.00.

Appellant's sole point on appeal asserts that the Commission's failure to find claimant sustained a permanent *total* disability was contrary to the overwhelming weight of the evidence. Section 287.495.1(4) RSMo 1986.

Appellant testified that on September 9, 1983 he was employed by the G.L. Tarlton

Company as a construction laborer. The accident occurred when claimant slipped while carrying a copying machine and fell backwards with the copier landing on top of him. He advised his supervisor Jim Martin, Jr., that he had fallen and continued to work the rest of the day. The following Monday he requested his employer send him to a doctor for the low back pain he was experiencing and was told by Martin to seek his own treatment. He went to St. Mary's Hospital where he was evaluated and referred to Dr. Richard Rende.

Dr. Rende examined claimant, prescribed medication and suggested physical therapy. In late November, 1983, following appellant's continued complaints of pain, Dr. Rende performed a CT scan and myelogram which resulted in the diagnosis of a disc problem. On December 5, 1983 claimant underwent a posterior lumbar laminectomy. Following the surgery Dr. Rende periodically examined appellant. On May 25, 1984, after continued improvement, he released appellant for work. Dr. Rende apparently cautioned that appellant could do any activity he wished provided that he avoided strenuous lifting of heavy loads as he had previously done for Tarlton. In July 1984, claimant returned to the same job he had done prior to his September 9, 1983 accident. He testified he performed the same type of work, but exercised more caution than he had in the past. He continued at this job until August 7, 1984, at which time he re-injured his back while operating a gasoline powered tamper.

Due to these incidents, claimant filed two separate Workers' Compensation claims: (1) Injury No. 83–40598 filed against the employer for the September 9, 1983 injury and insured by U.S.F & G; and (2) Injury No. 83–80798 filed against the same employer and the Second Injury Fund, Section 287.220 RSMo 1986, for the alleged injury of August 7, 1984.

The latter claim, on *claimant's attorney's* motion, was dismissed pursuant to Section 287.655 RSMo 1986 and was not the subject of the hearing or award. Case 83–40598 was tried on January 16–17, 1986 and resulted in the administrative law judge's finding that as a direct result of the September 9, 1983 accident claimant was permanently partially disabled to the extent of 50% of the man as a whole. Claimant was awarded 200 weeks of compensation for a total of $24,250. Both the employer and employee appealed to the Labor and Industrial Relations Commission pursuant to Section 287.480 RSMo 1986. The commission found the administrative law judge's award was supported by competent and substantial evidence and affirmed the decision without analysis. Claimant appeals.

Our review of Workers' Compensation cases is set out in Section 287.495 RSMo 1986 which provides in part that:

> The Court, on appeal, shall review only questions of law and may modify, reverse, remand for rehearing, or set aside the award upon any of the following grounds and no other:
>
> \*     \*     \*     \*     \*     \*
>
> (4) That there was not sufficient competent evidence in the record to warrant the making of the award.

*See also Katzenberger v. Gill,* 690 S.W.2d 473, 475 (Mo.App.1985). This essentially means that we will affirm the Commission's decision if, after a review of the entire record in the light most favorable to the finding, we believe the award to be supported by competent and substantial evidence. *Tubbs v. Rowe Furniture Corp.,* 691 S.W.2d 410, 411 (Mo.App.1985).

The Commission is charged with the responsibility of passing on the credibility of witnesses, and it may disbelieve testimony of a witness although no contradictory or impeaching evidence is introduced. *Page v. Green,* 686 S.W.2d 528, 529 (Mo.App.1985). Moreover, if competent evidence or permissible inferences are conflicting, then the choice rests with the Commission and is binding on this court. *Katzenberger,* 690 S.W.2d at 475. We can only disturb such

findings on appeal if they are against the overwhelming weight of the evidence. *Jones v. Concordia Pub. House*, 712 S.W. 2d 60, 61 (Mo.App.1986).

Applying these principles, we find appellant's claim that the evidence does not support the facts found by the Commission is without merit. The evidence, when viewed in the light most favorable to the award, supports the finding of permanent partial disability as a direct result of the September 9, 1983 accident.

The medical deposition testimony of Dr. Rende, the operating and attending surgeon; the medical deposition of Dr. Jerome Levy, who examined and testified for claimant; and the deposition testimony of Dr. Raymond Frederick, who examined claimant for employer-insurer, separately and collectively support a finding of permanent partial disability. However, appellant contends that because he produced two clinical psychologists who testified about his current and total inability to compete in the labor market, the Commission's findings are unreasonable and against the overwhelming weight of the evidence.

This issue is not dissimilar from that presented in *Hutchinson v. Tri–State Motor Transit Co.*, 721 S.W.2d 158 (Mo.App. 1985), wherein claimant's right to compensation depended upon the acceptance of one of two conflicting medical theories. The court noted that the issue was one of fact for determination by the commission and its finding would not be disturbed unless the commission acted unreasonably in accepting testimony which was not substantial or decided the issue contrary to the overwhelming weight of the evidence. *Id.* at 162. The court added that it would uphold a finding of the Commission consistent with either of two conflicting medical opinions if supported by competent and substantial evidence upon the whole record. *Id.*

We find the evidence supported an award of permanent partial disability. There was competent and substantial evidence by Drs. Rende, Levy, and Frederick to support the finding of appellant's permanent and partial disability. Dr. Rende testified that in his opinion claimant was 50% permanently partially disabled due to the accidental injury of September 9, 1983. Dr. Levy's opinion was that claimant was 35% permanently disabled as of December 17, 1985, but he could not differentiate or apportion a degree of disability between the two injuries. Finally, Dr. Frederick testified it was his opinion, as of December 9, 1985, that claimant was 30% disabled as a result of the back problem. Based on this testimony, the hospital records, and claimant's testimony the record indicated substantial and competent evidence to support the Commission's finding of permanent partial disability. Further, the Commission was not bound to accept or find permanent total disability occurred or was caused by the first accident which was followed by a return to work and a second accident.

Judgment affirmed.

SMITH and KELLY, JJ., concur.