**Muneer SAIDAWI,**
**Employee/Respondent,**

v.

**GIOVANNI'S LITTLE PLACE,**
**Employer/Appellant.**

**No. 58258.**

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 31, 1990.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 7, 1991.

Application to Transfer Denied
April 9, 1991.

Hindshaw, Culbertson, Moelmann, Hoban & Fuller, John J. Mohan & Terese A. Drew, St. Louis, for employer/appellant.

Morris B. Kessler, St. Louis, for employee/respondent.

KAROHL, Judge.

Appellant-employer, Giovanni's Little Place, appeals after the Labor and Industrial Relations Commission (Commission) affirmed an award granting worker's compensation benefits to claimant-employee, Muneer Saidawi, for an injury he alleged occurred when he was a waiter in appellant's restaurant. Giovanni's claims Saidawi failed to prove by sufficient competent evidence: (1) that his injury arose out of or in the course of employment; and (2) of the amount of the wages used by the Commission to calculate the temporary total disability award. Saidawi requests damages pursuant to Rule 84.19 for frivolous and vexatious appeal. We affirm the Commission and deny Saidawi's request for damages.

At the evidentiary hearing, Saidawi testified that on December 6, 1988, he was working as a waiter for Giovanni's. He

claimed he slipped on a depressed section of the restaurant floor and fell while waiting on tables. Saidawi said the restaurant owner, Carmello Gabriele and his fiancee witnessed the fall. Saidawi acknowledged the existence of a previous minor back injury. He worked for Giovanni's approximately eight months full time, and earned $350 to $400 per week including tips.

Saidawi also presented the testimony of Dr. Nadim Nasrallah, a chiropractor, who treated his back. The doctor testified the fall caused the back injury. Treatment included surgery for a ruptured disc in the lower back.

Gabriele testified that prior to this incident Saidawi repeatedly complained about back problems. In direct contradiction to Saidawi's testimony, Gabriele claims he did not see Saidawi fall, nor did he know of the incident until Saidawi quit work. Regarding wages, Gabriele testified employee worked only part-time, twenty-two to twenty-six hours per week, for $2.01 per hour plus tips and that ninety-five percent of the tips were recorded on customer charge accounts. Saidawi's W–2 tax form reported wages and tips of $10,083 for 1988. Gabriele testified this amount reflected Saidawi's earnings over a twelve month period.

Six more witnesses testified for Giovanni's. They generally corroborated the claims of Gabriele. All, with the exception of Gabriele's fiancee, were employees or former employees. In addition, claimant secretly taped conversations with Gabriele who attempted to persuade him not to bring this claim or to make his claim against a different party because Giovanni's did not have worker's compensation coverage.

The Commission adopted all of the findings of the administrative law judge. It found Saidawi to be wholly credible. It believed Giovanni's witnesses were not watching Saidawi at all times. It found that Saidawi "had an accident resulting in injury to his lower back as a result of an accident and fall arising out of the course of employment." It also found Saidawi's average weekly wages were $400 per week which entitles him to compensation at $266.67 per week.

Giovanni's first point asserts there is insufficient competent and substantial evidence to support the Commission's finding that Saidawi's injury arose out of and in the course of employment with Giovanni's.

Our review is limited to questions of law. Section 287.495 RSMo 1986. We must affirm the Commission's decision if, after a review of the entire record in the light most favorable to the finding, we believe the award is supported by competent and substantial evidence. *French v. Ford Motor Co.*, 720 S.W.2d 24, 26 (Mo. App.1986); *Katzenberger v. Gill*, 690 S.W.2d 473, 475 (Mo.App.1985). In making this determination, evidence which might support findings different from those found by the Commission must be disregarded. *Nelson v. Consolidated Housing Development and Management Co., Inc.*, 750 S.W.2d 144, 148 (Mo.App.1988).

It is well settled that questions of fact are for the Commission. We may not substitute our judgment on evidence for that of the Commission's, even if the evidence could support a contrary finding. *Matthews v. Roadway Express*, 660 S.W.2d 768, 769 (Mo.App.1983). The weight to be given evidence rests with the Commission and it alone determines the credibility of witnesses. *Katzenberger*, 690 S.W.2d at 475. Where competent evidence is conflicting, resolution is for the Commission and its choice is binding upon this court. *Brown v. Hillhaven Convalescent Center*, 776 S.W.2d 47, 49 (Mo.App.1989). Furthermore, the Commission is authorized to base its findings and award solely on the testimony of a claimant; this testimony alone, if believed, constitutes substantial evidence to establish those facts to which he is competent to testify. *Ford v. Bi–State Dev. Agency*, 677 S.W.2d 899, 904 (Mo.App. 1984).

The Commission found Saidawi "wholly credible." It also found the duties of Giovanni's witnesses were such that it was entirely probable the accident could occur without their knowledge. Dr. Nas-

rallah testified the accident caused the claimed injury. No contradicting medical testimony was presented. There is evidence Gabriele and his father attempted to dissuade Saidawi from filing this claim against them because they had no worker's compensation insurance. If believed this evidence casts a cloud of doubt around all of Giovanni's evidence.

The fact Giovanni's produced seven witnesses that could partially contradict Saidawi's testimony is irrelevant. The Commission's determination was based largely on the credibility of, and, therefore, the weight it gave to each witness. No physical evidence contradicted the testimony of either side. Accordingly, Giovanni's reliance on *Duncan v. A.P. Green Refractories Company*, 522 S.W.2d 639 (Mo.App. 1975) is inappropriate. In *Duncan*, questions on hospital and insurance forms asked whether the injury arose from an employment related accident. *Id.* at 641. To all their questions Duncan and his doctor responded "no." *Id.* Duncan signed each form. *Id.* He also collected over $1000 under an employer insurance policy after stating his disability was not attributable to a work-related accident.

Here the Commission was required to choose from conflicting testimony on the issues of accident and extent of wages. It chose to believe Saidawi. Based on the whole record, the Commission's findings are supported by competent evidence. The factual determinations of the Commission are supported by the testimony of Saidawi and the testimony of Dr. Nasrallah.

In a separate but related issue, Giovanni's argues there was insufficient competent evidence to support the amount of the award because it was not based on Saidawi's actual wages.

Both parties presented evidence as to the length of employment, weekly earnings based on wages and tips, and whether Saidawi worked full or part-time. The W-2 submitted into evidence reflects only the amount of wages Giovanni's reported. Saidawi's tax return was not in evidence nor was there testimony the figure on the W-2 included all income received.

Again, the Commission chose to believe Saidawi. Its finding that Saidawi earned $400 per week is supported by his testimony. The amount of the temporary total disability award accurately reflects the statutory percentage allowed based on the Commission's finding and § 287.170 RSMo Cum.Supp.1989. Point denied.

Giovanni's also contends the Commission's findings are erroneous because it incorrectly deemed admitted certain facts contained in its answer. The answer was filed late. This argument is also without merit. The administrative law judge and the Commission decided the claim on the evidence. The pleading issue is, at most, incidental and not prejudicial.

Saidawi's request for damages for frivolous appeal is denied. We affirm.

PUDLOWSKI, P.J., and GRIMM, J., concur.