**Charlotte TALIR, Appellant,**

v.

**MID–WEST AREA AGENCY ON AGING, Respondent.**

**No. 62282.**

Missouri Court of Appeals,
Eastern District,
Division One.

Feb. 9, 1993.

Thomas J. Casey, St. Louis, for appellant.

John J. Johnson, Jr., St. Louis, for respondent.

CRIST, Judge.

Claimant appeals from the denial of workers' compensation benefits. The Labor and Industrial Relations Commission found Claimant was not an employee at the time of her injuries, and further, the injuries did not arise out of and in the course of the alleged employment. We affirm.

While interpretation of workers' compensation law requires us to resolve all doubts in favor of Claimant, *Jordan v. Farmers State Bank*, 791 S.W.2d 1, 2[1] (Mo.App.1990), our review is limited to questions of law. § 287.495.1, RSMo Supp. 1992. In addition, we may only reverse the Commission's decision if the record shows it is not supported by sufficient competent evidence. § 287.495.1(4); and *Saidawi v. Giovanni's Little Place*, 805 S.W.2d 180, 182[1] (Mo.App.1990). Furthermore, we must disregard any evidence which would support findings different from those found by the Commission. *Saidawi*, 805 S.W.2d at 182[2].

Claimant is an 82-year-old woman who worked as a mealtime volunteer once per week for Mid–East Area Agency on Aging (Mid–East) at a St. Louis area church. Her

scheduled work day was Wednesday. On that day, she would sign up on the list of volunteers and be given her assignment by the agency manager. As one of six volunteers, she would set the tables and assist in the kitchen as needed. In exchange for her work on Wednesdays, Claimant received a free noon meal. However, the accident in question did not happen on a Wednesday, but rather on a Tuesday.

On Tuesday, January 6, 1987, Claimant arrived at the church around 10 a.m. She helped for about an hour setting tables and putting out cups, although she was not asked to do so. Claimant then sat down to socialize with friends and wait to be served the noonday meal. Shortly before noon, prior to the meal being served, a fire drill took place. During the evacuation of the church, she fell outside the church during the fire drill sustaining injuries.

Claimant had been going to the Mid–East mealtime function for approximately ten years to socialize and eat each weekday. She paid for her lunch every day except for Wednesdays when she was a scheduled volunteer. Claimant admitted that she did not intend to take a free meal the day of the accident. She also conceded that Mid–East had no control over her activities that day. Claimant stated she "worked" this particular Tuesday because there was a lack of volunteers. She stated there were to be six volunteers each day for dining services. The sign-in sheet for that Tuesday listed a total of ten volunteers. Claimant was not listed as a volunteer on the sign-in sheet that day. Claimant indicated she had intended to sign the volunteer list as she left but failed to do so when she was injured.

■ Claimant asserts the Commission erred in its finding of no employment relationship between her and Mid–East. An employee has been defined for purposes of workers' compensation law as "every person in the service of any employer ... under any contract of hire, express or implied, oral or written, or under any appointment or election...." § 287.020.1, RSMo Supp.1992. An uncompensated volunteer can be covered by workers' compensation as an employee by "appointment." *Stegeman v. St. Francis Xavier Parish*, 611

S.W.2d 204, 206[1] (Mo. banc 1981); *Orphant v. St. Louis State Hosp.*, 441 S.W.2d 355, 360[6] (Mo.1969); and *Fielder v. Production Credit Assoc.*, 429 S.W.2d 307, 314[14] (Mo.App.1968); *See also, Yaffe v. St. Louis Children's Hosp.*, 648 S.W.2d 549, 550 n. 1 (Mo.App.1982). However, a volunteer is not necessarily an employee within the meaning of § 287.020. To determine whether a volunteer is an employee by appointment requires examination of two factors: (1) whether the volunteer is in the service of the employer; and (2) whether the employer exercises control, or has the right of control, over the volunteer. *Stegeman*, 611 S.W.2d at 206[1]; *Howard v. Winebrenner*, 499 S.W.2d 389, 394–95 (Mo.1973).

■ The Commission found no employment relationship by reason of lack of control of Mid–East over Claimant's work. The Commission made the following findings:

> But clearly, there was no control by the Mid–East Area Agency on Aging or its manager over Talir on the day of her accident. The claimant was not required to be at the church at a specific time or to appear at all. She was not required to stay once she arrived. She was given no specific duty and was not asked to perform any services. She readily admitted that no one directed her activities on the Tuesday she was injured. Absent control, it is difficult to find any employment relationship.

We are bound by the order of the Commission because it is supported by competent and substantial evidence on the whole record. The facts recited above indicate lack of control by Mid–East and therefore, lack of an employment relationship. Resolution of this issue precludes review of Claimant's assertions the accident arose out of and in the course of employment. Point denied.

Judgment affirmed.

AHRENS, P.J., and REINHARD, J., concur.