**Mary GUDDE, Appellant,**

v.

**HEIMAN GRAIN, INC., and Grain Dealers Mutual Insurance Co., Respondents.**

**No. WD 45648.**

Missouri Court of Appeals, Western District.

June 2, 1992.

Gayle McVay, Warrensburg, for appellant.

James C. Johns, Clinton, for Heiman Grain, Inc.

Melodie A. Powell, Kansas City, for Grain Dealers Mut. Ins. Co.

Before LOWENSTEIN, C.J., and BERREY and SPINDEN, JJ.

BERREY, Judge.

Mary Gudde, wife of the deceased employee, appeals a decision of the Labor and Industrial Relations Commission wherein the commission reversed that portion of the administrative law judge's workers' compensation award granting claimant an additional 15% penalty on all benefits based on the employer's alleged violation of § 292.-050 [1]. We affirm the decision of the commission.

On October 25, 1988, appellant's husband, Joseph Gudde, fell approximately 35 feet to his death while attaching an extension to a chute above a grain bin for the employer, Heiman Grain, Inc., a grain and feed elevator. The elevator houses 36 bins in which various grains are stored. A distributor, located in the rafters above the bins, is used to move grain into the appropriate bins. A catwalk runs the length of the building above the grain bins, which are located beneath and on either side of the catwalk. From the catwalk, across the top of each bin is a walkway allowing access to each bin. In order to distribute grain to bins other than those in the center of the building, a chute extension must be attached to the distributor. Mr. Gudde was in the process of installing a chute extension to the distributor when he fell. In order to install the extension, Mr. Gudde was required to "grab" the extension and walk onto the walkway over the bin. There were no guard rails along the catwalk or the walkways at the time of Mr. Gudde's fall.

No one witnessed Mr. Gudde's fall. He was found at the bottom of the bin with a whole section of walkway approximately 2 to 2½ feet wide and 10 feet long. This walkway had originally run from the catwalk across to the side of the building. The entire section of the walkway "gave way" and was still in one piece when found at the bottom of the grain bin. Testimony indicated Mr. Gudde fell through the flooring.

The administrative law judge awarded death benefits to the surviving spouse, appellant herein, plus an additional 15% penal-

ty based upon a finding that the employer violated §§ 287.120.4 and 292.050. The administrative law judge found that these statutes require the presence of strong guard rails along the walkways and that such a safety device would have prevented Mr. Gudde's fall or, at least, lessened its impact. Both the employer and Grain Dealers Mutual Insurance Company appealed the decision to the Labor and Industrial Relations Commission.

The Commission found that the purpose of § 292.050 is to protect persons against falling into open areas *from* the "flooring," not *through* the "flooring." The Commission then found that the record was devoid of evidence to show that the presence of a guardrail would have prevented or changed the result of Mr. Gudde's fall; that the fall was caused by the entire section of flooring giving way; and, because this is not the type of accident the statute is meant to prevent, no causal relation exists between the employer's alleged violation of § 292.-050 and Mr. Gudde's death. Based on its findings, the Commission ruled that the assessment of the 15% penalty was error and reversed that portion of the award. Claimant appeals the Commission's reversal of the penalty award.

In workers' compensation cases, the court of appeals reviews the award of the Commission, not the findings of the administrative law judge. *Lewis v. City of Liberty*, 600 S.W.2d 677, 679 (Mo.App. 1980). This court's standard of review is set forth in § 287.495, which provides in relevant part:

On appeal no additional evidence shall be heard and, in the absence of fraud, the findings of fact made by the commission within its powers shall be conclusive and binding. The court, on appeal, shall review only questions of law and may modify, reverse, remand for rehearing, or set aside the award only upon any of the following grounds and no other:

(1) That the commission acted without or in excess of its powers;

(2) That the award was procured by fraud;

**1.** All statutory references are to RSMo 1986.

(3) That the facts found by the commission do not support the award.

Appellate review is limited to the four grounds specified in the statute. *Katzenberger v. Gill,* 690 S.W.2d 473, 475 (Mo. App.1985). This court's review is of the entire record, including legitimate inferences to be drawn therefrom, in the light most favorable to the Commission's decision. This court's function is to determine whether the Commission's findings are supported by competent and substantial evidence. *Davison v. Florsheim Shoe Co.,* 750 S.W.2d 481, 483 (Mo.App.1988).

Where there is no conflict in the testimony but the evidence permits conflicting inferences to be drawn, the ultimate question is one of fact and the decision rests with the Commission. This court is bound by that decision. *Katzenberger,* 690 S.W.2d at 475. "This court may not substitute its judgment for that of the commission even if the evidence could support a contrary finding." *Saidawi v. Giovanni's Little Place,* 805 S.W.2d 180, 182 (Mo.App. 1990). The appellate court may set aside the commission's decision only if the findings of the commission are clearly contrary to the overwhelming weight of the evidence or no competent and substantial evidence supports it. *Erwin v. Polar Exp., Inc.,* 776 S.W.2d 458, 459 (Mo.App.1989).

Under Missouri law, a workers' compensation claimant is entitled to a 15% increase in compensation "[w]here the injury is caused by the failure of the employer to comply with any statute in this state." § 287.120.4. The administrative law judge found that the employer violated § 292.050, which provides in relevant part:

> The openings of all hatchways, elevators and wellholes upon every floor of every manufacturing, mechanical or mercantile or public building in this state shall be protected by ... strong guard rails at least three feet high.

It is undisputed that there were no guard rails present at the time of Mr. Gudde's fall. Appellant encourages this court to reverse the commission's decision as to the purpose of § 292.050. Because we find the issue of causation is dispositive, we decline to address the purpose of the statute.

No one witnessed Mr. Gudde's fall and claimant presented no evidence as to causation. Appellant contends that it is a reasonable inference from the facts of this case that the presence of strong guard rails would have prevented Mr. Gudde's injuries. This court has held:

> The rule is that the burden of proof rests on the claimant in a workmen's compensation proceeding, and it is not sufficient for recovery to show only that the injury complained of resulted either from one or the other of two causes, for one of which, but not the other, the employer would be liable. The claimant must produce evidence from which it reasonably may be found that such injury resulted from the cause for which the employer would be liable.

*Griggs v. A.B. Chance Co.,* 503 S.W.2d 697, 704 (Mo.App.1973) (quoting *Groce v. Pyle,* 315 S.W.2d 482, 489[3] (Mo.App.1958)). No such evidence was presented in this action. Appellant reminds us that the workers' compensation statutes are to be liberally interpreted so as to extend benefits to the largest possible class of workers. *See Page v. Green,* 686 S.W.2d 528 (Mo.App. 1985). The mandate that all doubts must be resolved in favor of the employee does not, however, extend to the authorization of a claim lacking an essential element required by law. *Welker v. MFA Central Co-operative* 380 S.W.2d 481, 487 (Mo.App. 1964).

The decision of the Labor and Industrial Relations Commission is affirmed.

All concur.