Ann **SMART**, Appellant,

v.

**CHRYSLER MOTORS CORPORATION,** Respondent.

No. 62265.

Missouri Court of Appeals, Eastern District, Division Three.

April 6, 1993.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 5, 1993.

John B. Gray, Gray, Stewart & Clarkin, Florissant, for appellant.

Edward W. Warner, Evans & Dixon, St. Louis, for respondent.

SMITH, Judge.

Claimant appeals from the award of the Labor and Industrial Relations Commission denying compensation to claimant, the widow of Donald Smart. We affirm in part and remand in part.

Donald Smart (hereinafter Smart or decedent) was employed by Chrysler. He had suffered during his life from asthma. He had a childhood history of the disease but had manifested no symptoms from the time he was a teenager until 1978 when he was 45. From 1978 until his death in 1986 Smart was treated by his personal physician, Dr. Hardy, for his asthma condition. He visited Dr. Hardy's office for treatment of his asthma 48 times between June 1980, and October 1986. In 1980 he was hospitalized as a result of his asthma. In January 1986, Smart's condition worsened and Dr. Hardy prescribed Prednisone which Smart

had not previously taken. He continued taking Prednisone in varying dosages from then until his death.

In July, 1986 the plant in which Smart worked underwent substantial remodeling. That activity caused large quantities of dust and strong paint fumes which caused Smart difficulty in breathing. On July 19, Smart and his family left on vacation at Rend Lake. Smart was listless and inactive. His condition deteriorated to the point where his wife drove him back to the St. Louis area for hospitalization. He was admitted to the hospital where he remained from July 22 to August 5. He was placed in intensive care and diagnosed and treated for status asthmaticus, a life threatening episode of asthma symptoms that is unresponsive to treatment. After his discharge from the hospital Smart remained at home for an additional three weeks before returning to work. On November 12, Smart was at work and complained of not feeling well. He was taken to the plant dispensary where he collapsed and stopped breathing. He was taken to the hospital where he was pronounced dead. No contention was made or evidence adduced that any conditions in the plant in November caused or contributed to cause the November episode.

Employer filed its report of injury on December 8, 1986. Claimant filed her claim for compensation on March 21, 1988. In it she identified the date of the accident as July, 1986, and described the injury as "aggravation of asthmatic condition". Weeks of temporary disability was stated as "unknown." The nature of the permanent injury was stated as "permanent partial disability to man as a whole resulting in death of employee". The description of the cause of the injury was described as "Working as a toolman at Chrysler Plant— exposed to very heavy concentration of paint fumes and construction dust during re-construction work at plant in July 1986." In its answer, Chrysler did not raise the issue of notice although at the hearing it did raise that issue.

The administrative law judge found in favor of the employer and stated in his award: "The proof presented by the claim-

ant, does not, in the opinion of this writer, sustain the burden of proof necessary to warrant an award in favor of the dependent in this case." Then followed a set of fact findings. Included was the finding that the decedent died of a myocardial infarction. All the remaining findings dealt with the cause of decedent's death and the ultimate finding that "there is reason to believe that the employee's death was a natural progression of his asthma condition, which aggravated or caused the myocardial infarction; which led to his death." The administrative law judge specifically made no finding on the issue of notice on the basis that such was unnecessary in view of his finding that the case was not compensable. He also made no finding concerning medical expenses and temporary total disability arising from the July episode. The Labor and Industrial Relations Commission, with one member dissenting, upheld the award of the administrative law judge. Claimant appeals from that order.

It appears that three issues were before the Commission for decision. First, whether claimant was entitled to compensation for the medical expenses and temporary total disability sustained by decedent commencing July 22. Second, whether claimant was entitled to compensation for the death of decedent. Third, whether claimant was barred from recovery because of failure to give notice to the employer. Only the second issue has been addressed by the Commission. We will address that issue initially.

■■■ The appeals court will affirm the decision of the Commission if, after reviewing the entire record, the decision is supported by substantial and competent evidence. *Webber v. Chrysler Corporation*, 826 S.W.2d 51 (Mo.App.1992) [1–3]. All evidence and inferences to be drawn from the evidence is to be viewed in the light most favorable to the Commission's decision. *Id.* The Commission determines the credibility of the witnesses and may disbelieve the testimony of a witness even if no contradictory or impeaching evidence is adduced. *Id.* When the right to compensa-

tion depends on the acceptance of one of two competing medical theories, the issue is one of fact and the Commission's finding will not be disturbed unless the Commission acted unreasonably in accepting testimony that was not substantial or decided the issue contrary to the overwhelming weight of the evidence. *Hutchinson v. Tri–State Motor Transit*, 721 S.W.2d 158 (Mo.App.1986) [3, 4]. A finding of the Commission consistent with either of two conflicting medical opinions will be upheld if it is supported by competent and substantial evidence on the whole record. *Id.*

 Employer's medical expert testified that after the July episode the decedent had recuperated and returned to his "base line asthmatic state". It was that doctor's opinion that because of that, the episode in July involving dust and paint fumes bore no causal relationship to the episode in November wherein Smart died. Claimant contends that the doctor's opinion that Smart had returned to his "base line asthmatic state" was a flawed conclusion because it was based solely on medical records and did not consider testimony of lay witnesses to the contrary. Medical records that have been admitted into evidence may properly be considered by a witness as the basis for an expert opinion. *Division of Family Services v. Guffey*, 795 S.W.2d 546 (Mo.App.1990) [6, 7]. The credibility and weight of the testimony was for the Commission to assess. It obviously found the testimony credible and weighty. The experts tendered by the claimant opined that if Smart died from status asthmaticus then there was a causal connection between his death and the July episode. Neither expert was willing to give an opinion that the death was caused by status asthmaticus. The evidence before the Commission was sufficient to sustain its finding that claimant did not establish a case for compensation for Smart's death.

 The Commission did not make a decision concerning compensation for the July episode. The experts were in far less disagreement concerning the causal connection between the July episode and the conditions in the plant at that time. It was

certainly possible for the Commission to have found that claimant was entitled to compensation for medical expenses and temporary total disability arising from the July episode. Claimant is entitled to have that issue decided. Resolution of that issue may require the Commission to determine the issue of notice which is a fact determination for the Commission. *Schrabauer v. Schneider Engraving, Inc.*, 224 Mo.App. 304, 25 S.W.2d 529 [11].

The award of the Commission is affirmed as to compensation for Donald Smart's death, cause is remanded for determination of whether claimant is entitled to medical expenses and temporary total disability arising from the July episode.

GARY M. GAERTNER, P.J., and STEPHAN, J., concur.