**Betty L. KEENER, Appellant,**

v.

**WILCOX ELECTRIC, INC., Respondent.**

No. WD 49252.

Missouri Court of Appeals,
Western District.

Oct. 18, 1994.

---

Edward Frederick Ford, III, Kansas City, for appellant.

Brian J. Fowler, Kansas City, for respondent.

Before FENNER, C.J., P.J., and LOWENSTEIN and SPINDEN, JJ.

FENNER, Chief Judge.

Appellant, Betty L. Keener, appeals from a judgment of the Labor and Industrial Relations Commission (the Commission), finding her to have a permanent partial disability of 10% of the body as a whole. Ms. Keener was employed by respondent, Wilcox Electric, Incorporated (Wilcox), when she claimed to have been exposed to fumes causing injury to her respiratory system rendering her permanently and totally disabled.

In her first point on appeal, Ms. Keener argues that the Commission's award of 10% permanent partial disability is not supported by the record. Ms. Keener argues that the overwhelming weight of the medical evidence showed that her disability was more substantial. In support of her first point, Ms. Keen-

er argues that the appellate court can weigh the testimony of the physicians provided to the Commission by deposition without deference to the judgment of the Commission.

In reviewing the Commission's decision, all evidence and inferences to be drawn from the evidence are to be viewed in a light most favorable to the Commission's decision. *Smart v. Chrysler Motors Corp.,* 851 S.W.2d 62, 64 (Mo.App.1993) (citation omitted). The Commission determines the credibility of the witnesses and may disbelieve the testimony of a witness even if no contradictory or impeaching evidence is adduced. *Id.* When the right to compensation depends on the acceptance of one of two competing medical theories, the issue is one of fact and the Commission's finding will not be disturbed unless the Commission acted unreasonably in accepting testimony that was not substantial or decided the issue contrary to the overwhelming weight of the evidence. *Id.* at 64–65. A finding of the Commission consistent with either of two conflicting medical opinions will be upheld if it is supported by competent and substantial evidence on the whole record. *Id.* at 65. The appellate court may set aside the Commission's decision only if the findings of the Commission are clearly contrary to the overwhelming weight of the evidence or no competent and substantial evidence supports it. *Gudde v. Heiman Grain, Inc.,* 830 S.W.2d 574, 576 (Mo.App. 1992) (citation omitted).

The Commission is not bound to select a medical rating as offered by a physician, but takes into consideration all of the evidence and facts presented at trial. The assignment of residual disability is within the expertise of the Commission. *Sellers v. Trans World Airlines, Inc.,* 776 S.W.2d 502, 505 (Mo.App.1989). Furthermore, an appellate court must disregard any evidence which might support a finding different from that of the Commission, and that is true even though a finding of the Commission to the contrary would be supported by the evidence. *Rector v. City of Springfield,,* 820 S.W.2d 639, 640 (Mo.App.1991).

Even when facts are derived from pleadings, stipulations, exhibits and depositions, an appellate court defers to the facts as determined by the finder of fact in reviewing whether there is substantial evidence to support a judgment and determining whether the judgment is against the weight of the evidence. *Aviation Supply Corp. v. R.S.B.I. Aerospace,* 868 S.W.2d 118, 120 (Mo.App. 1993).[1]

Ms. Keener argues that the testimony of the physician she selected, Dr. David Hof, was more credible and established that her disability was more substantial than as determined by the Commission. We find that the judgment of the Commission was supported by substantial and competent evidence on the record as a whole. Furthermore, we give deference to the judgment of the Commission even on evidence presented by deposition.

Wilcox presented the deposition testimony of Dr. Scott Talpers, together with medical records from Drs. Mark Ludwig and Michael Logan. Dr. Talpers is board certified in both internal medicine and pulmonary disease. Dr. Talpers performed a physical examination of Ms. Keener and reviewed a full range of pulmonary tests on her. Dr. Talpers opined that her pulmonary functioning was completely normal. Dr. Logan also performed a pulmonary test on Ms. Keener and found her pulmonary functioning to be within normal limits. Ms. Keener was also seen by Dr. Ludwig. As with Drs. Talpers and Logan, Dr. Ludwig also found Ms. Keener's pulmonary functioning to be within normal limits.

Dr. Talpers opined that Ms. Keener has no physical impairment. Dr. Ludwig opined

---

1. Appellant argues that no deference is due the judgment of the Commission when testimony is presented by way of deposition, relying on *Cameron Mutual Insurance Company v. Chitwood,* 609 S.W.2d 492, 493–94 (Mo.App.1980); *Macalco, Inc. v. Gulf Insurance Co.,* 550 S.W.2d 883, 888 (Mo.App.1977); and *Barr v. Snyder,* 294 S.W.2d 4, 8 (Mo.1956). None of these cases involve an administrative review. Additionally, to the extent that these cases arguably support appellant's position, outside the context of the review of an administrative proceeding, they have been overruled by the holding in *Aviation Supply Corp. v. R.S.B.I. Aerospace,* 868 S.W.2d 118 (Mo.App.1993).

that Ms. Keener had a 2% permanent partial disability of the body as a whole.

Dr. Hof testified on behalf of Ms. Keener. Dr. Hof stated that when Ms. Keener is having a coughing spell, she is 100% disabled. Dr. Hof based his opinion of the extent of Ms. Keener's disability chiefly on her complaints. However, when questioned about her employability, Dr. Hof testified that Ms. Keener would be employable at some jobs.

In addition to the medical testimony presented, there was evidence to show that even though Ms. Keener had not returned to work, she maintained an active life. She was able to shop, walk, perform housework, run errands, drive, go out for dinner, travel, go to the hairdresser and clean her car.

The award of the Commission is supported by substantial and competent evidence. Appellant's first point is denied.

In her second point, Ms. Keener argues that the Commission's decision that the additional medical treatment she received from Dr. Hof was not necessary is not supported by substantial evidence.

■ Once again, the assessment of the evidence and the factual determination of what constitutes authorized medical care is a function delegated to the Commission. *Gonzales v. Johnston Foil Mfg. Co.*, 305 S.W.2d 45, 53 (Mo.App.1957).

■ As referenced under appellant's first point, Dr. Talpers opined that Ms. Keener had no physical impairment. Dr. Ludwig opined that Ms. Keener had a 2% disability, but released her from medical treatment to return to work.

The record supports the determination of the Commission that the additional medical treatment Ms. Keener obtained on her own from Dr. Hof was not necessary.

Ms. Keener's second point is denied.

In her third point, Ms. Keener argues that the Commission erred by not imposing a 15% penalty against Wilcox for violation of section 287.120.4, RSMo Supp.1993, because of the malfunction of the ventilation system at Wilcox that allowed fumes to accumulate in her work area causing her injury.

Section 287.120.4, RSMo Supp.1993, specifies that where an injury is caused by the failure of an employer to comply with any statute in this state, the compensation provided under workers' compensation shall be increased fifteen percent. In this regard, the statutes at issue here are section 292.110, RSMo 1986, and section 292.120, RSMo 1986.

Section 292.110, RSMo 1986, mandates that all manufacturing, mechanical, mercantile and other establishments in this state shall be ventilated as to render harmless all impurities, as near as may be.

Section 292.120, RSMo 1986, provides that: Every person, firm or corporation using any polishing wheel or machine of any character which generated dust, smoke or poisonous gases in its operation, shall provide each and every such wheel or machine with a hood, which shall be connected with a blower or suction fan of sufficient power to carry off said dust, smoke and gases and prevent its inhalation by those employed about said wheel or machine....

■ The burden of proof rests with the claimant in a workers' compensation case. The claimant must produce evidence to show that the employer is liable. *Gudde v. Heiman Grain, Inc.*, 830 S.W.2d 574, 576 (Mo. App.1992) (citation omitted).

■ As determined by the Commission in the case at bar, Ms. Keener's injury was not caused by the lack of a ventilation system or a defect in the system. There was a ventilation system in place at Wilcox and there was no evidence to establish that the ventilation system was defective. At best, the record reflects that there was a human error in regard to setting the controls on the exhaust system. The mere fact that there was a malfunction in the system, due to human error, is not sufficient, of itself, to establish that the system was defective.

Judgment affirmed.

All concur.