Maria RONO, Respondent,

v.

FAMOUS BARR and May Department Stores Co., Appellants,

and

Treasurer of Missouri, Custodian of Second Injury Fund.

No. 81086.

Missouri Court of Appeals, Eastern District, Division Four.

Dec. 3, 2002.

Hugh O'Sullivan, St. Louis, MO, for appellant.

Gary Sanguinet, St. Louis, MO, for respondent.

Kent Duncan, St. Louis, MO, for defendant.

GLENN A. NORTON, Judge.

Famous Barr appeals the Labor and Industrial Relations Commission's determination that Maria Rono's job duties as a salesperson aggravated her carpal tunnel syndrome. We affirm.

## I. FACTS

Rono has been a top sales associate at Famous Barr since 1997. Until recently, she worked in the handbag department where her daily job duties included opening the cash registers, counting money, locking and unlocking merchandise cases, straightening merchandise, cleaning up, inputting data into registers, answering phones and selling merchandise. When she made a sale, Rono had to remove any hangers or anti-theft devices from the

merchandise before wrapping and bagging it for the customer. Rono worked 8.5 hour shifts, sometimes taking only a 30 minute lunch and no other breaks. She testified that she used her hands "non-stop" during the work day.

Other than reading, watching television and going to movies, Rono is involved in no activities outside of work. Rono has never done the housework or cooking, except for occasionally helping her husband with dishes and some shopping.

In 1998, Rono began experiencing numbness and pain in her hands, most noticeably at the end of the day. She testified that she can "hardly move her fingers" after work and experiences a burning sensation at night. Because of these problems, Rono recently transferred to another department at Famous Barr that involves less work with her hands.

Dr. Mackinnon, a surgeon who treated Rono on referral from her family physician, testified that Rono had carpal tunnel syndrome. Based on Rono's description of her job duties and hobbies, Dr. Mackinnon explained that the specific tasks Rono performed at work were "fairly repetitious" and involved bending and flexing her wrists and fingers. Hobbies like watching television, she testified, would not involve bending and flexing of the wrists and fingers. While Rono's employment did not cause the carpal tunnel, Dr. Mackinnon concluded that her job was a substantial factor aggravating that condition. She recommended surgery.

Dr. Sheridan, also a surgeon, testified on behalf of Famous Barr. He examined Rono, and reviewed her medical records and a list of her job expectations drafted by a Famous Barr manager. Dr. Sheridan testified that none of the tasks listed in the job description are any different from the "stresses of daily living" that can aggravate carpal tunnel syndrome; even sleeping in certain positions can aggravate that condition. Dr. Sheridan concluded that Rono's work was "not necessarily" a substantial factor causing her injury. But he admitted that this conclusion was based on his assumption that Rono was engaging in daily living activities like gardening and laundry.

## II. PROCEDURAL HISTORY

Rono filed a claim for compensation. Rono and the manager from Famous Barr testified live at the hearing; the depositions of Drs. Mackinnon and Sheridan, Rono's wage statements and her medical records were also admitted. The ALJ concluded that Rono's carpal tunnel syndrome arose out of and in the course of her employment at Famous Barr and that she needed surgery to relieve the effects of this injury. The ALJ also concluded that Rono's work duties—not her daily living activities—caused her to need medical attention. The ALJ entered a temporary and partial award of benefits.[1]

The Commission affirmed the award, adopted the ALJ's decision and also issued a supplemental opinion. The Commission's opinion clarified that the evidence established a direct causal link between Rono's job activities and the aggravation of her carpal tunnel syndrome.

## III. DISCUSSION

We review the decision and findings of the ALJ as affirmed and adopted by the Commission. *Soos v. Mallinckrodt Chemical Co.*, 19 S.W.3d 683, 685 (Mo.App. E.D.2000). We "shall review only ques-

---

1. Generally, no appeal lies from a temporary or partial award. *Cahall v. Cahall*, 963 S.W.2d 368, 371 (Mo.App. E.D.1998). But this Court may review a temporary or partial award when liability is at issue, as it is here. *Id.*

tions of law and may modify, reverse, remand for rehearing, or set aside the award upon any of the following grounds and no other:

(1) That the commission acted without or in excess of its powers;
(2) That the award was procured by fraud;
(3) That the facts found by the commission do not support the award;
(4) That there was not sufficient competent evidence in the record to warrant the making of the award."

Section 287.495.1 RSMo 2000.[2] The factual findings of the Commission are conclusive and binding on us absent fraud. *Id.* There is no allegation of fraud here. Therefore, "review is limited simply to whether the facts found by the Commission 'support the award' and whether there was 'sufficient competent evidence to warrant the making of the award.'" *Messersmith v. University of Missouri–Columbia/Mt. Vernon Rehabilitation Center,* 43 S.W.3d 829, 832 (Mo. banc 2001) (quoting section 287.495.1).

■ This Court reviews the evidence and inferences in the light most favorable to the Commission's award and disregards any evidence that could have supported contrary findings. *Id.; see also Cuba v. Jon Thomas Salons, Inc.,* 33 S.W.3d 542, 545 (Mo.App. E.D.2000). The Commission is the sole arbiter of credibility and may disbelieve the testimony of any witness even if no contradictory or impeaching evidence is adduced. *Smart v. Chrysler Motors Corp.,* 851 S.W.2d 62, 64 (Mo.App. E.D.1993). We will not disturb the Commission's choice of one medical opinion over another unless the choice clearly results from an abuse of discretion. *Cuba,* 33 S.W.3d at 545. "[A]ny question as to the right of an employee to compensation

must be resolved in favor of the injured employee." *Brenneisen v. Leach's Standard Service Station,* 806 S.W.2d 443, 445 (Mo.App. E.D.1991).

■ Employers are only liable to compensate employees for injuries arising out of and in the course of employment. Section 287.120.1. Thus, aggravation of a preexisting condition is a compensable injury if the claimant establishes a direct causal link between her job duties and the aggravated condition. *See Smith v. Climate Engineering,* 939 S.W.2d 429, 433–34 (Mo. App. E.D.1996). Work must have been a "substantial factor" causing the aggravated condition. Section 287.020.2. But if the aggravation is due to "a hazard or risk unrelated to the employment to which workers would have been equally exposed outside of and unrelated to the employment in normal non[-]employment life," then the injury is not compensable. Section 287.020.3(2)(d).

■ In its point on appeal, Famous Barr asserts that the evidence showed that the hazard or risk that allegedly aggravated Rono's carpal tunnel syndrome—bending her wrists and flexing her fingers—is a risk to which everyone is equally exposed in non-employment life and, therefore, precludes compensation. We disagree.

The Commission determined that Dr. Mackinnon's testimony was credible and persuasive. Her testimony established that the specific tasks Rono performed at work were a substantial factor causing the aggravation of her condition. Moreover, this opinion is supported by evidence that the majority of activities for which Rono used her hands were done at work. In fact, Rono engaged in no activities outside of work where she used her hands in the ways that she did at work. This evidence,

2. All statutory references are to RSMo 2000.

the Commission found, discredited Dr. Sheridan's testimony that Rono was equally exposed to the risk of aggravating her condition outside of work as she was at work. We will not disturb the Commission's choice of Dr. Mackinnon's opinion over Dr. Sheridan's.

Sufficient competent evidence exists in this case to show that Rono was not "equally exposed" in normal non-employment life to the risk of aggravating her carpal tunnel syndrome. Rono would not have been bending her wrists and flexing her fingers in the ways and with the frequency that aggravated her carpal tunnel syndrome if it were not for her employment. Rono's injury did not come from a hazard unrelated to her employment. Her duties as a salesperson were the substantial factor causing her injury.

Point denied.

### IV.  CONCLUSION

The Commission's award is affirmed.

WILLIAM H. CRANDALL, P.J. and SHERRI B. SULLIVAN, J., concurring.