Jerry C. DILLON, Claimant–Appellant,

v.

**ARCHITECTURAL MATERIALS COMPANY, Employer–Respondent.**

No. SD 31908.

Missouri Court of Appeals, Southern District, Division Two.

March 4, 2013.

Robert W. Hill, Springfield, MO, for Appellant.

Patricia L. Musick, Springfield, MO, for Respondent.

MARY W. SHEFFIELD, J. ·

Jerry C. Dillon ("Claimant") appeals the final award of the Labor and Industrial Relations Commission ("the Commission") denying him compensation. Claimant argues the Commission's decision that he had failed to prove medical causation was not supported by competent and substantial evidence and was against the overwhelming weight of the evidence. We disagree and affirm.

### Standard of Review

Review of the Commission's award in a workers' compensation case is governed by section 287.495 [1] as interpreted in *Hampton v. Big Boy Steel Erection,* 121 S.W.3d 220 (Mo. banc 2003). *See Whiteley v. City of Poplar Bluff,* 350 S.W.3d 70, 78 (Mo.App. S.D.2011). Under section 287.495.1, we

> may modify, reverse, remand for rehearing, or set aside the award upon any of the following grounds and no other:
>
> (1) That the [C]ommission acted without or in excess of its powers;
>
> (2) That the award was procured by fraud;
>
> (3) That the facts found by the [C]ommission do not support the award;
>
> (4) That there was not sufficient competent evidence in the record to warrant the making of the award.

1. All statutory references are to RSMo Cum. Supp. (2011).

"A court must examine the whole record to determine if it contains sufficient competent and substantial evidence to support the award, i.e., whether the award is contrary to the overwhelming weight of the evidence." *Hampton*, 121 S.W.3d at 222–23. Nevertheless, this Court still "defers to the Commission on issues involving the credibility of witnesses and the weight to be given their testimony." *Whiteley*, 350 S.W.3d at 78.

### Factual and Procedural Background

Claimant worked for Architectural Materials Company ("Employer") as a commercial glazier, a job which involved installing glass doors and replacing windows. Between 2005 and 2007, Claimant was treated by a chiropractor for complaints that included low back pain. In 2007, an x-ray showed a "[l]oss of segmental motion integrity ... at vertebral levels L5–S1[.]"

On August 13, 2009, Claimant was lifting a door out of the back of his truck and felt an immediate pain in his lower back. He did not work the next day and returned to work the following Monday. That day, Claimant was descending a ladder when he slipped. The pain in his back increased substantially, and Claimant went to the emergency room. Later, Claimant was referred to Doctor Kristi Foster to whom he reported he had been experiencing low back pain for approximately three weeks. A subsequent MRI revealed a disc protrusion at L4–5, an annular tear, and a disc herniation at L5–S1. Surgery was conducted on September 23, 2009.

Claimant sought workers' compensation benefits. At the hearing before the Administrative Law Judge ("ALJ"), Claimant presented numerous documents, including the report of Doctor Shane Bennoch ("Dr. Bennoch"). Dr. Bennoch reviewed Claimant's medical records and examined Claimant before writing his report. Dr. Bennoch opined that the August 13, 2009 accident was the prevailing factor in Claimant's low back injury. Claimant's employer presented the report of Doctor Donald deGrange ("Dr. deGrange"). Dr. DeGrange reviewed Claimant's medical records, noting a history of treatment for low back pain, a slip and fall shortly before the alleged work accident, and an incident in which a porch swing collapsed while Claimant was sitting in it. He also mentioned the positive findings on the 2007 x-ray. Based on the history of past complaints, Dr. deGrange did not believe that the accident on August 13, 2009, was the prevailing factor in causing Claimant's herniated disc.

The ALJ denied compensation, and the Commission affirmed that decision, incorporating the ALJ's findings and conclusions. The incorporated findings noted the various medical opinions and found Claimant had failed to meet his burden of proof on the issue of medical causation. Claimant appeals.

### Discussion

■ Claimant argues the Commission's decision was not supported by sufficient competent evidence and was against the weight of the evidence because 1) the previous treatment was not related to the injury for which he was treated after his accident because his medical records showed no history of nerve damage or radiculopathy and 2) Dr. deGrange's opinion was not competent and substantial evidence because it was based on "facts which were not in the evidence of record."[2] We disagree.

**2.** Employer argues that the appeal should be dismissed because Claimant's brief does not comply with Rule 84.04. Specifically, Employer claims that the statement of facts is not fair and concise and that Claimant's point relied on does not follow the road map laid

"The claimant in a worker's compensation case has the burden to prove all essential elements of her claim including a causal connection between the injury and the job." *Bond v. Site Line Surveying*, 322 S.W.3d 165, 170 (Mo.App. W.D.2010) (quoting *Royal v. Advantica Rest. Group, Inc.*, 194 S.W.3d 371, 376 (Mo.App. W.D. 2006)). "Medical causation, which is not within common knowledge or experience, must be established by scientific or medical evidence showing the relationship between the complained of condition and the asserted cause." *Gordon v. City of Ellisville*, 268 S.W.3d 454, 461 (Mo.App. E.D. 2008). "The weight afforded a medical expert's opinion is exclusively within the discretion of the Commission." *Bond*, 322 S.W.3d at 170. That is, "where the right to compensation depends on which of two medical theories should be accepted, 'the issue is peculiarly for the Commission's determination.'" *Id.* Where medical experts differ in their opinions, the Commission is free to believe whichever expert it chooses. *Gordon*, 268 S.W.3d at 461.

Here, there were conflicting medical opinions regarding the issue of whether Claimant's herniated disc was caused by the August 13, 2009 accident. Claimant's expert opined that the injury was in fact caused by the August 13, 2009 accident. Employer's expert opined that the injuries were the result of a progression of a pre-existing lower back problem. Both of these opinions were made after review of the pertinent medical records. We defer to the Commission's determination of the relative credibility of these opinions. *See Gordon*, 268 S.W.3d at 461.

Claimant's argument relies primarily on *Whiteley v. City of Poplar Bluff*, 350 S.W.3d 70 (Mo.App. S.D.2011), and *Leake*

*v. City of Fulton*, 316 S.W.3d 528 (Mo.App. W.D.2010). These cases are not persuasive because in each of those cases, the Commission granted compensation to the claimant in the first instance. *Whiteley*, 350 S.W.3d at 77; *Leake*, 316 S.W.3d at 531. Thus, the credibility determinations to which the appellate courts in those cases were bound to defer were favorable to the claimant. Here, in contrast, those credibility determinations were favorable to Employer.

Claimant's also argues Dr. deGrange's opinion should not have been considered because it was not based on competent and substantial evidence. He suggests Dr. deGrange's opinions were based on facts that were not supported by the record, pointing to the fact that Dr. deGrange noted a prior complaint of radiculopathy while the records showed only a reference to low back pain. This argument fails to take into consideration the entirety of the records. The records also demonstrated positive findings at L5–S1. The records contained conflicting evidence regarding Claimant's past history, and Dr. deGrange, in his capacity as an expert, simply resolved that conflict differently than Claimant's expert. The Commission was entitled to choose Dr. deGrange's opinion over that of Claimant's expert. *Gordon*, 268 S.W.3d at 461.

Claimant's sole point is denied.

### *Decision*

The Commission's decision is affirmed.

DANIEL E. SCOTT, P.J., and DON E. BURRELL, J., concur.

---

out in Rule 84.04(d)(2). Although Claimant's brief is not a model of clarity, we can discern the nature of Claimant's arguments and exercise our discretion to review them on the

merits. *See Taylor v. Contract Freighters, Inc.*, 315 S.W.3d 379, 380 (Mo.App. S.D.2010). All rule references are to Missouri Court Rules (2012).